

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# USA v. Rohm & Haas Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Rohm & Haas Co" (2002). *2002 Decisions.* Paper 609.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/609

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2803


UNITED STATES OF AMERICA
and
STATE OF NEW JERSEY, DEPARTMENT OF
ENVIRONMENTAL PROTECTION
Intervenor-Plaintiff in D.C.

v.

ROHM AND HAAS COMPANY, INC.; MARVIN JONAS, INC.;
CBS, INC.; OWENS-ILLINOIS, INC.; CENCO, INC.; ALMO, INC.;
MANOR HEALTH CARE CORPORATION; TRIANGLE PUBLICATIONS,
INC.; THE GLIDDEN COMPANY; E.I. DUPONT DE NEMOURS & CO.;
ALLIED PAPER, INC.; BETZ LABORATORIES, INC.; HERCULES
INCORPORATED; OWENS-CORNING FIBERGLAS CORPORATION;
SPS TECHNOLOGIES, INC.; THE GILBERT SPRUANCE COMPANY;
PORTFOLIO ONE, INC.; MANOR CARE, INC.; LESKI, INC.;
SPECIALTY RESINS, INC.; SARTOMER RESINS, INC.;
SARTOMER INDUSTRIES, INC.; ESCHEM COMPANY;

ROHM AND HAAS COMPANY; OWENS-ILLINOIS, INC.
PORTFOLIO ONE
Third-Party Plaintiffs

v.

JOHN CUCINOTTA; JOSEPH CUCINOTTA; MARVIN JONAS,
individually; MARVIN JONAS, t/a JONAS WASTE REMOVAL,
MARVIN JONAS, t/a JONAS STEEL DRUM COMPANY; AMERICAN
PACKAGING CORPORATION; AT&T TECHNOLOGIES, INC.;
CONTINENTAL CAN COMPANY; CROWN CORK & SEAL CO., INC.;
ESSEX CHEMICAL CORPORATION; FIRESTONE TIRE AND RUBBER
COMPANY; THE BOROUGH OF GLASSBORO, NEW JERSEY;
THE TOWNSHIP OF MANTUA, NEW JERSEY; NL INDUSTRIES, INC.;
NVF COMPANY; TECHNITROL, INC.; NICK LIPARI
Third-Party Defendants

ROHM AND HAAS COMPANY, AND OWENS-ILLINOIS, INC.
Appellants


On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action 85-4385
(Honorable Joseph H. Rodriguez)


Argued:  July 11, 2002

Before:  SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge*

(Filed September 24, 2002 )

Dorothy J. Donnelly, Esq.
Assistant United States Attorney
Office of the United States Attorney
Room 502
402 East State Street
Trenton, New Jersey 08608
Attorney for  United States of
America, Appellee

John G. Harkins, Jr., Esq. (argued)
Harkins Cunningham
2005 Market Street
2800 One Commerce Square
Philadelphia, PA 19103
For Rohm and Haas Co., Appellant

Glenn P. Callahan, Esq.
McCarter & English
1735 Market Street
Suite 700
Philadelphia, PA 19103
For Owens-Illinois, Inc., Appellant

Christopher R. Gibson, Esq. (argued)
Archer & Greiner
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033
For Continental Can Co., Inc.,
Crown Cork & Seal and NL
Industries, Inc., Appellees

*The Honorable John P. Fullam, United States District Court Judge for the

Eastern District of Pennsylvania, sitting by designation.


                    OPINION OF THE COURT



FULLAM, District Judge:
        This case arises from an action brought by the United States on behalf of
the Environmental Protection Agency ("EPA"), pursuant to  107(a) of the
Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"),
to recover the costs incurred in the cleanup of the Lipari Landfill Superfund Site, located
in Gloucester County, New Jersey.  Appellants Rohm & Haas Company, Inc. and Owens-
Illinois, Inc. (collectively, "Rohm & Haas") entered into a consent decree with the United
States.  Rohm & Haas subsequently filed a third party complaint for contribution,
pursuant to 42 U.S.C.  9613(f)(1), against appellees NL Industries, Inc. ("NL"), Crown
Cork & Seal Company, Inc. ("Crown"), and Continental Can Company ("Continental"),
which Crown has since acquired. At issue is whether hazardous waste generated by the
parties was transported to the Lipari landfill by one Marvin Jonas between November
1967 and January 1970.  Rohm & Haas contended that waste from NL and Crown had
been hauled to the Lipari site by Jonas during that time period, and therefore that they
should share in the costs of the cleanup; NL and Crown argued at trial that they did not
become Jonas' customers until the very end of the relevant time period, and in any event
that their waste was dumped elsewhere.  The District Court, following a lengthy bench
trial, entered judgment in favor of the third party defendants.
        The appellants assert that the District Court committed clear error when it
found that Rohm & Haas failed to prove that waste from the third party defendants was
taken to the Lipari landfill during the relevant time period.  The court concluded that
Crown and NL did not become customers of Jonas prior to June 1968, despite the fact
that NL had earlier reported to Congress in its response to the so-called Eckhardt Survey
in 1979, and again in a 1985 report to the EPA, that NL had employed Jonas to haul its
waste since 1960.  Appellants also contend that the District Court erred by not applying
the "missing witness rule" when NL failed to call as witnesses the employees who had
prepared its response to the Eckhardt Survey.
        Appellants' arguments center around the following findings of fact:
        (1) Crown, NL and Continental were not customers of Jonas prior to June
1968;
        (2) Crown, NL and Continental were Jonas customers in 1969, because a
substantial increase in Jonas' business occurred between late 1968 and early 1969, and
because NL's Eckhardt Survey response is evidence that NL was a Jonas customer prior
to 1970;
        (3) Crown, NL and Continental in fact became Jonas customers between
July 1968 and January 1969;
        (4) Jonas did not always dump Rohm & Haas waste at the Lipari landfill,
but would instead sell some of the waste, and he consistently took less waste to Lipari
than he was receiving from Rohm & Haas;
        (5) Therefore, there was no credible evidence that waste originating with
Crown, NL or Continental was taken to the Lipari site during the time period at issue.
        As the district court recognized, the evidence in this case was spotty, old,
and frequently contradictory.  The fact that reasonable minds might differ as to the weight
to be accorded a particular piece of evidence does not permit us to substitute our
judgment for that of the finder of fact.  We are satisfied that the district court's finding
that NL and Crown did not become Jonas customers prior to late 1968 or early 1969 is
supported by credible evidence.  In the face  of conflicting evidence and testimony, the
district court understandably relied heavily on contemporaneous records such as the Jonas
and Lipari cash books and monthly reports generated by Rohm & Haas' Philadelphia and
Bristol plants to determine the amount of waste Jonas received from his clients and the
amounts he paid to Lipari to deposit his customers' waste in the landfill.  It was well
within the court's discretion to infer that these were more reliable that testimony or
documentary evidence   such as the Eckhardt survey   based upon memories of events

long past.  It was also reasonable for the court to infer, based upon these sources, that NL and Crown became Jonas customers no earlier that the second half of 1968.

Appellants were required to prove not only that Crown and NL were Jonas customers during the Lipari period, but that waste generated by Crown and NL was actually dumped at the Lipari site, and not elsewhere.  The district court found, again relying on the contemporaneous business records of Jonas and Lipari   particularly in light of conflicting testimony from Jonas   that Rohm & Haas failed to carry their burden of proof.  Of particular import was the fact that the amounts of waste Jonas dumped at the Lipari site, even after Crown and NL became customers was consistently less waste than he received from Rohm & Haas.  In addition, Jonas signed a lease on another landfill in June 1968, about the time the district court determined that NL and Continental became his customers. Under the terms of that lease, Jonas paid a flat monthly fee to dump his customers' waste, whereas at the Lipari landfill he paid by the drum.  It was logical for the court below to infer that it was more profitable for Jonas to take waste to the new site, and to conclude that he acted accordingly.

The sole issue of law in this case is whether the district judge erred when he did not apply the "missing witness" rule, which would have permitted him to infer that because the people who prepared NL's response to the Eckhardt Survey were not called by the third party defendants, their testimony would have been unfavorable to NL.  There is no reason to think that these witnesses were available only to NL; certainly, as they were initially identified as trial witnesses, third party plaintiffs could  have deposed them but chose not to do so.  Moreover, it was Rohm & Haas' burden to prove that waste from NL and Continental was taken to the Lipari landfill during the relevant period.  Third party defendants were not required to disprove Rohm & Haas' case.  Under these circumstances, application of the missing witness rule would have been inappropriate.

For the foregoing reasons we will affirm the judgment of the District Court.

TO THE CLERK:
Please file the foregoing opinion.


                                                        District Judg